**SCHOTT, d. b. a. DUKE'S RESTAURANT, Appellant-Appellee, v. BOARD OF LIQUOR CONTROL, Appellees-Appellants.**

Ohio Appeals, Tenth District, Franklin County.

No. 5888. Decided April 15, 1958.

J. Eugene Roberts, Hubbard, Charles T. Kaps, Columbus, for appellant-appellee.

William Saxbe, Atty. Genl., Chester Hummell, John W. Leibold, Asst. Attys. Genl., Columbus, for appellees-appellants.

**OPINION**

By THE COURT.

Submitted on motion of Eleanor Schott, the appellee herein, seeking an order dismissing the appeal of the Department of Liquor Control for the reason that the same is not properly taken pursuant to the provisions of §119.12 R. C. In the case of Katz v. Dept. of Liquor Control, 166 Oh St 229, the court held that an administrative agency may appeal from a judgment of the Court of Common Pleas only upon questions of

law relating to the constitutionality, construction or interpretation of statutes and rules and regulations of the agency. An examination of the judgment entry reveals that the order of the Board was reversed for the reason that it was not supported by reliable, probative and substantial evidence and was not in accordance with law. The grounds upon which the judgment was rendered are not stated in the entry; hence, we may resort to the court's opinion for the same. **Andrews v. Board of Liquor Control, 164 Oh St 275.** The appeal was from an order of the Board affirming that of the Department denying the appellee's application for D-1 and D-2 liquor permits for the reason that the applicant was not the owner of the business being conducted on the subject premises. The court's opinion reveals that the application for the permits was made before the appellee acquired the business, saying,

"With respect to the application itself, while made before appellant had actually acquired the business, it was made in anticipation of so acquiring same, and at the time of the hearing, it had become true in fact; that is, that Eleanor Schott was the sole owner of the business.

"The court therefore concludes that the action of the Board's ruling was unreasonable and unlawful."

It therefore appears that when the application was made the appellee was not the owner or operator of the business. Whether or not a permit may be issued under such circumstances involves a construction of §4303.13-14 R. C. Hence, we conclude that the Department may prosecute the appeal under §119.12 R. C., and the motion will be overruled.

PETREE, PJ, MILLER, J, concur.
BRYANT, J, not participating.